UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KOY ANN WILLIAMS,<br><br>                Defendant. | Case No. 4:19-CR-000370-DCN<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Koy Ann Williams' motion to reconsider potential conditions of release and motion for temporary release made in response to the coronavirus (COVID-19) pandemic. (Dkt. 31.) Ms. Williams argues there are conditions that will assure her appearance as required and the safety of the community, and that her temporary release is necessary to prepare her defense. The Government opposes the motion, arguing Ms. Williams was properly detained as a flight risk and danger to the community, and that Ms. Williams has not met her burden to show her release from custody pending trial is warranted. (Dkt. 33.) For the reasons that follow, the Court will deny the motion.[1]

**BACKGROUND**

---

[1] Pursuant to General Orders Nos. 360, 362, 364, and 365 and because there is sufficient evidence in the record, this motion is decided without oral argument or in-court presentation of evidence based on the materials submitted in the record. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. March 17, 2020) (recognizing courts may decide appeals of detention orders on the filings, including proffers by counsel, as opposed to a hearing).

1.      **Procedural History**

Ms. Williams is charged by way of an Indictment with two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Section 841(a)(1), (b)(1)(B) and 18 U.S.C. Section 2. (Dkt. 1.) Ms. Williams made her initial appearance on February 4, 2020. (Dkt. 10.) The Government moved for detention based on the statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, and that Ms. Williams poses a risk of flight and danger to the community. (Dkt. 8, 9.)

A detention hearing was held on February 5, 2020, during which the parties made proffers, admitted exhibits, and presented arguments. (Dkt. 16.) The Court continued the detention hearing to obtain additional information from Pretrial Services. The detention hearing resumed on February 7, 2020, when the parties presented further evidence and argument. (Dkt. 17.) After carefully considering the entire record, the Court found Ms. Williams had not rebutted the presumption that no condition or combination of conditions would reasonably assure Ms. Williams' appearance as required and the safety of the community under 18 U.S.C. Section 3142(e)(3)(A). (Dkt. 17, 18.)

Specifically, the Court considered the Section 3142(g) factors. The Court looked at the nature and circumstances of the offense charging Ms. Williams with two counts of possession with intent to distribute methamphetamine. The Court weighed the Government's proffer of the evidence supporting the charges which included: Ms.

Williams being charged by a grand jury with selling, and aiding and abetting the sale of, methamphetamine to a confidential informant in two controlled purchases. (Dkt. 33.)[2]

The Court also evaluated Ms. Williams' history and characteristics which included: a history of substance abuse; not successfully completing an outpatient treatment program; several misdemeanor charges and convictions; violations of state probation; failing to report to supervision; failing to appear for urine analysis testing; and lack of verifiable employment. Notably, Ms. Williams was on supervised probation with the Idaho Department of Corrections at the time of the offense conduct charged in the Indictment. 18 U.S.C. § 3142(g)(3)(B). The Court took into account Ms. Williams' family and community ties to the area and that she is a college graduate with post-graduate education. Finally, the Court considered the nature and seriousness of the danger posed by Ms. Williams' release to any person or the community. The Court reviewed both the Pretrial Services Report and Addendum recommending detention, which discussed Ms. Williams' family ties, release plan, substance abuse and criminal history, employment history, and that she is in good health and not prescribed any medications. (Dkt. 16-1, 17-1.)

Based on the foregoing, the Court found Ms. Williams had not rebutted the presumption and entered an order of detention on February 7, 2020. (Dkt. 18.) Ms. Williams is currently detained at the Madison County Jail awaiting her trial to commence June 15, 2020. (Dkt. 32.)

---

[2] The Court treats the briefs and materials submitted by both parties as proffers. *See* 18 U.S.C. § 3142(f)(2) (defendant may present information at bail hearing by proffer or otherwise); *United States v. Winsor*, 785 F.2d 755, 756–57 (9th Cir. 1986) (defendant and government may proceed in a detention hearing by proffer or hearsay). As stated clearly in 18 U.S.C. Section 3142(j), nothing in this decision "shall be construed as modifying or limiting the presumption of innocence."

ORDER - 3

### 2.    Motion to Reopen Detention and for Temporary Release

On April 16, 2020, Ms. Williams filed the motion pending before the Court. (Dkt. 31.) The motion asks for release pending trial for the following reasons: Ms. Williams is a pretrial detainee at the Madison County Jail; the particular concerns regarding COVID-19 to inmates; the offense conduct involved two controlled purchases of methamphetamine; Ms. Williams is a low-level drug dealer who distributed the drugs to feed her own addiction; the state sentenced Ms. Williams to probation; she has a solid release plan and is a minimal risk to the community; and Ms. Williams' daughter is due to deliver a baby in June 2020. (Dkt. 31.) Further, Ms. Williams argues temporary release under Section 3142(i) is necessary to prepare her defense due to the COVID-19 restrictions imposed by the jail upon her and her counsel.

The Government opposes the motion, arguing Ms. Williams remains a risk of flight and danger to the community under Section 3142(e), and neither the speculative prospect of a COVID-19 outbreak at the Madison County Jail nor the impact of COVID-19 warrant temporary release under Section 3142(i). (Dkt. 33.)[3] The Government maintains Ms. Williams was ordered detained properly by the Court at the detention hearing, there are no known cases of COVID-19 at the Madison County Jail nor any evidence that the detention

---

[3] Although the motion cites to only 18 U.S.C. Section 3142(i) which applies to requests for temporary release, the motion also asks for and discusses reconsideration of conditions of release. (Dkt. 31.) The Government has addressed both requests in its response. (Dkt. 33.) Accordingly, the Court has considered all of the relevant portions of the Bail Reform Act, Sections 3142(e), (f), and (i), applicable to pretrial detainees such as Ms. Williams.

ORDER - 4

facility is unprepared to address such cases, if they arise, and that Ms. Williams is not at a higher risk of serious health issues from COVID-19 due to age or other factors. (Dkt. 33.)

The Court conferred with Pretrial Services regarding Ms. Williams' motion for release. The Pretrial Services Officer recommends Ms. Williams remain detained.

## ANALYSIS

### 1.      Reopen Detention Under 18 U.S.C. § 3142(f)

The Court first considers whether Ms. Williams should be released from pretrial detention under 18 U.S.C. Section 3142(f)(2). Reconsideration of a detention order may be granted only on new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Here, the new information presented in the motion is: the COVID-19 pandemic; additional third party custodians who will monitor and hold Ms. Williams accountable if she is released; and that Ms. Williams' daughter is due to deliver a baby in June. (Dkt. 31.)[4] The existence and potential impact of the COVID-19 pandemic does not warrant release under Section 3142(f), because it is immaterial to the issue of whether Ms. Williams' appearance and the safety of any other person and the community can reasonably be assured.

The motion represents that Ms. Williams is a minimal risk to the community if released and her offense conduct is merely that of a low-level drug dealer who participated

---

[4] The COVID-19 outbreak in the United States and its impact were not known to the Court and counsel at the time of the detention hearings on February 5 and 7, 2020.

in two controlled buys to feed her own addiction. (Dkt. 33.) Ms. Williams asserts the state's sentence of probation evidences that she is not a flight risk and there are conditions that can reasonably assure her appearance as requested and the safety of the community. The Government disputes these representations, arguing Ms. Williams remains a risk of flight and a threat to the safety of the community. (Dkt. 41.) The Court agrees with the Government.

Ms. Williams poses a high-risk of flight and danger to the community based on the Section 3142(g) factors. As discussed above, the nature of the charge, weight of the evidence, and Ms. Williams' history of substance abuse, criminal conduct, failures to appear, and violations of probation make her a high-risk of flight and danger to the community. There are no conditions or combination of conditions that would reasonably assure Ms. Williams' appearance and the safety of the community. No new information has been provided to alter the determination made by the Court at the time of the detention hearing.

The fact that Ms. Williams was sentenced to a four year term of probation on the state charge was known at the time of the detention hearing and did not, and does not, weigh in favor of her release under Section 3142(f). The new additional individuals presented in the motion who are willing to vouch for and monitor Ms. Williams if she is released, do not provide sufficient assurance of Ms. Williams' appearance or the safety of the community.

The release plan proposed at the detention hearing was found to be insufficient to assure Ms. Williams' appearance and the safety of the community. That remains the case

even if with the proposed additional individuals there to monitor Ms. Williams. The Pretrial Services officer and the state probation officer both maintain Ms. Williams remains a risk of flight and danger to the community given her personal and criminal history. Notably, Ms. Williams violated her state probation and allegedly committed this offense while being supervised on probation. It is unlikely, therefore, that Ms. Williams would comply with any conditions of release this Court were to impose.

Further, because Ms. Williams' daughter is due to deliver in June, her pregnancy was known at the time of the detention hearing in in February. This fact does not overcome the other factors weighing heavily in favor of detention nor is there evidence that Ms. Williams' assistance to her daughter is necessary.

For these reasons and those stated at the detention hearing and found in the order of detention, the Court finds Ms. Williams' detention under Section 3142(e) and (f) remains correct and appropriate. Accordingly, the Court will deny the motion for release from pretrial detention to the extent it is made under 18 U.S.C. Section 3142(f).

## 2.     Temporary Release Under 18 U.S.C. § 3142(i)

Where a person has been detained, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i). *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020).

Ms. Williams argues her temporary release pending trial is necessary to prepare her defense under Section 3142(i) based on: the impact of the COVID-19 pandemic; her pretrial detainee status; and, her minimal risk of flight and danger to the community. (Dkt. 31.) The Government opposes the motion, arguing there are no inmates who have tested positive for COVID-19 at the Madison County Jail, the facility is prepared to address any infection were it to occur, and Ms. Williams' detention status during the pandemic does not warrant temporary release as she, like all other inmates, are subject to the same restrictions. (Dkt. 33.)

### A.    Necessary to Prepare a Defense

In determining whether pretrial release is necessary for preparing a defense under Section 3142(i), courts have considered: (1) the time and opportunity the defendant has to prepare for trial and participate in her defense; (2) the complexity of the case and volume of discovery; and (3) the expense and inconvenience associated with preparing while incarcerated. *Cox*, 2020 WL 1491180, at *5; *Boatwright*, 2020 WL 1639855. This analysis has recently been extended to COVID-19's impact, making communications between detainees and counsel increasingly more difficult. *Clark*, 2020 WL 1446895, at *2 (citing *Stephens*, 2020 WL 1295155, at *2). However, Ms. Williams has not shown that her temporary release is necessary to prepare her defense.

The motion discusses the difficulties in communication between Ms. Williams and her counsel due to the enhanced restrictions taken at the Madison County Jail in response to COVID-19. Namely, the inability of counsel to visit Ms. Williams in person at the jail;

the inadequacy of the jail's secured telephone communications; and the complications in reviewing discovery, discussing resolution, and preparing for trial. (Dkt. 31.)

The Court recognizes and appreciates that the COVID-19 restrictions have limited the opportunities and means of communication between Ms. Williams and counsel. Those limitations, however, are true of all inmates and, to a large extent, exist regardless of whether Ms. Williams is in custody or not. Curbing the spread of COVID-19 and bringing an end to the pandemic requires everyone to practice social distancing and self-isolation measures. Irrespective of her detention, Ms. Williams and her counsel are confined to electronic forms of communication to review discovery, discuss possible resolution, and prepare for trial.

Important to the Court's determination in this case, the motion has not articulated how Ms. Williams' release is necessary to prepare her defense that is different from any other inmate. For instance, how the nature, type, or amount of discovery, or the complexity of the charges in this case make it necessary for Ms. Williams to be released so that she can prepare her defense. More often than not, it is likely less onerous for counsel to confer with their client regarding discovery and case preparation, when the client is not detained. Temporary release under Section 3142(i), however, requires the defendant to show their release is *necessary* for preparing a defense, not just easier.

Based on the totality of the circumstances in this case, and having conducted an individualized analysis, the Court finds Ms. Williams has not shown her temporary release is necessary to prepare her defense. The motion will be denied on this basis.

### B.    Compelling Reason

To the extent the motion asks for temporary release due to compelling reasons in response to COVID-19, the Court will deny the motion.

A detainee's serious medical or health condition may be a sufficiently compelling reason for temporary release under Section 3142(i). *Clark*, 2020 WL 1446895, at *2; *United States v. Boatwright*, 2020 WL 1639855; *United States v. Hamilton*, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (allowing a defendant's release where he is suffering from a terminal illness or serious injuries.") *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting release of defendant suffering from terminal AIDS that could no longer be managed by correctional authorities). More recently, some "courts have permitted the temporary release of pretrial or pre-sentence detainees in circumstances where the detainee's health makes him [or her] particularly vulnerable to the COVID-19 virus." *See United States v. Garcha*,  2020 WL 1593942, at *3 (N.D. Cal. April 1, 2020) (citing cases); *United States v. Stephens*, 2020 WL 1295155, at *2 (S.D.N.Y. March 19, 2020). While other courts "have declined to do so, at least where there is no evidence of a COVID-19 outbreak in a detention facility or where the request for release is based on generalized fear or speculation." *Id.*(citing cases).

While this Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the health risks it presents to pretrial detainees and inmates, temporary release under Section 3142(i) is not warranted based solely on generalized COVID-19 fears and speculation. *Clark*, 2020 WL 1446895, at *3. Rather, the Court must make an individualized determination as to whether Ms. Williams has demonstrated that temporary release is necessary under Section 3142(i), when considering: the original grounds for

detention; Ms. Williams' COVID-19 concerns; any proposed release plan; and whether Ms. Williams' release would increase COVID-19 risks to others. *Clark*, 2020 WL 1446895, at *2; *see also Boatwright*, 2020 WL 1639855, at 5.

The Court has weighed the concerns regarding the COVID-19 pandemic, both general and specific, as a factor in making an individualize determination concerning Ms. Williams' request for temporary release. The Court finds the threat of COVID-19 does not present a compelling reason to release Ms. Williams in this case.

The original grounds for Ms. Williams' pretrial detention are sound and remain so even with COVID-19 concerns. Ms. Williams presents a high-risk of flight and to the safety of the community. There are no conditions or combination of conditions that can reasonably assure his appearance or the safety of the public. Ms. Williams' lengthy history of substance abuse and criminal activity and her violations of probation, indicate she is unlikely to abide by any terms or conditions the Court would impose. Pretrial Services has submitted three reports to the Court regarding Ms. Williams, all of which recommend detention.

Further, Ms. Williams has not shown she is at a higher risk of serious health complications if she were to become infected with the COVID-19 virus. Ms. Williams' age, 43, does not place her at an increased risk nor has she established that she has an underlying serious medical condition. *www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited April 13, 2020).* Notably, Ms.

Williams reported to Pretrial Services that she was in good health and not prescribed any medications at the time of her detention hearing just a few months ago.[5]

There are no known COVID-19 cases currently reported at the Madison County Jail nor has Ms. Williams shown that, even if a positive case arises, the facility is unprepared to contain the virus or care for those who may become infected. The facility has a COVID-19 procedure in place which includes preventative measures as well as protocols for addressing the circumstance should a positive case arise. Simply, Ms. Williams has not shown the general concerns regarding COVID-19 or any specific risks she faces from COVID-19 present a compelling reason in this case to necessitate temporary release.

For these reasons, the Court finds Ms. Williams has not shown a compelling reason for her temporary release under Section 3142(i). The motion will be denied on this basis.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Ms. Williams' Motion to Reconsider Conditions of Release and for Temporary Release (Dkt. 33) are **DENIED**.

DATED: May 1, 2020

Honorable Candy W. Dale
United States Magistrate Judge

---

[5] Ms. Williams' circumstances are distinct from those in a case recently decided in this district, *United States v. Robert B. Mahan, Jr.*, Case No. 1:19-cr-00233-DCN, where the court granted the defendant's motion for release. In that case, the court found a compelling reason for release had been shown based on the evidence establishing that the defendant suffers from chronic, moderate asthma placing him at a higher risk for severe illness if exposed to COVID-19. No such evidence has been proffered or presented here to show that Ms. Williams has an underlying health condition placing her at a higher risk.

**ORDER - 12**